IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


LISA R. BARBERI,
     Plaintiff,

vs.                                  Case No.:  3:12cv435/MCR/EMT

NEW CENTURY MORTGAGE CORP., et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (doc. 23).  Plaintiff is proceeding in forma pauperis (doc. 9).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive actions.  *See* N. D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).   After careful consideration of all issues raised by Plaintiff, it is the opinion of the undersigned that dismissal of this action is warranted.

I.      BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, proceeding pro se, names three Defendants in this action:  New Century Mortgage Corp. ("New Century"), Wells Fargo Bank, N.A. ("Wells Fargo"), and Judge Jan Shackelford (*id.* at 1–2).[1]  Plaintiff alleges on June 15, 2011, Wells Fargo, as trustee for Carrington Mortgage Loan Trust, filed a foreclosure action against her in state court (*id.* at 5).  She alleges she filed a motion to amend her answer in the foreclosure action on July 17, 2012, after she discovered "major fraud," specifically, that Wells Fargo was not the legal holder of the mortgage at the time the foreclosure

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system.

action commenced (*id.* at 5–7). Plaintiff alleges that at a hearing on Wells Fargo's motion for summary judgment, on August 9, 2012, Judge Shackelford denied her motion to amend her answer to include the allegations of fraud (*id.*). Additionally, Judge Shackelford granted Wells Fargo's motion for summary judgment despite Plaintiff's argument that there were genuine issues of material fact (*id.*). When Plaintiff commenced the instant action, on September 10, 2012, her home was scheduled for public sale (*see* doc. 1). In her Second Amended Complaint, she alleges she recently received notice that she must vacate her home (doc. 23 at 7–9).

Plaintiff claims that Judge Shackelford's adverse rulings in the state foreclosure action violated Florida law and deprived her of her Fifth and Fourteenth Amendment rights to due process (doc. 1 at 5–7). As relief, she seeks dismissal of the foreclosure complaint and a declaration that she is the titleholder of the subject property (*id.* at 5–7).

II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). However, such acceptance should not be given blindly; only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See* Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Marrero v. City of Hialeah, 625 F.2d 499, 502

(5th Cir. 1980)[2]; *see also* <u>Long v. Satz</u>, 181 F.3d 1275, 1278 (11th Cir. 1999) (per curiam) ("reasonable inferences" drawn); <u>Associated Builders, Inc. v. Ala. Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). A plaintiff must allege more than mere "labels and conclusions"; the complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955, 1964–65, 167 L. Ed. 2d 929 (2007) (citations and internal quotations omitted). Indeed, "any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." <u>Weissman v. Nat'l Ass'n of Sec. Dealers</u>, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing <u>Associated Builders, Inc.</u>, 505 F.2d at 99). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See* <u>Bell Atl. Corp.</u>, *supra* (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

III.    ANALYSIS

    Dismissal of this action is appropriate under the abstention doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). The Eleventh Circuit extensively analyzed the <u>Younger</u> abstention doctrine in <u>31 Foster Children v. Bush</u>, 329 F.3d 1255 (11th Cir. 2003). First, although the court recognized that abstention is the exception, rather than the rule, it stated that <u>Younger</u> abstention "derives from 'the vital consideration of comity between the state and national governments.'" *Id.* at 1274 (citing <u>Luckey v. Miller</u>, 976 F.2d 673, 676 (11th Cir. 1992)). The court stated, "[t]he question . . . is threefold: first, do [the proceedings] constitute an ongoing state judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* (citing <u>Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982)).

    The Eleventh Circuit further elaborated on the first and third <u>Middlesex</u> factors. *Id.* at 1275–82. Regarding the first factor, the court clarified that not only must there be an ongoing state

---

    [2] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all of the decisions of the former Fifth Circuit decided prior to October 1, 1981.

proceeding, but also "the federal proceeding [must] interfere with the state proceeding." *Id.* at 1275. The court stated further: "In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the effect it would have on the state proceedings." *Id.* at 1276. As to the third <u>Middlesex</u> factor, the court stated that "the plaintiffs have the burden of establishing that the state proceedings do not provide an adequate remedy for their federal claims." *Id.* at 1279. Further, quoting <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987), the court recognized that the "federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *Id.*

With respect to the first factor, the court concludes that the state foreclosure action was ongoing at the time Plaintiff filed her complaint in the instant case. Plaintiff filed her complaint in this action after the state circuit court had entered final judgment against her in the foreclosure action and just prior to Plaintiff's initiating an appeal of that judgment in the Florida First District Court of Appeal (*see* attached state court dockets).[3] Further, Plaintiff's requested relief in this case would unduly interfere with the state proceedings. Plaintiff requests that this federal court dismiss the foreclosure action with prejudice and restore her as titleholder to the property (doc. 23 at 6). This relief would undo the foreclosure judgment and directly accomplish the kind of interference that <u>Younger</u> seeks to prevent. Accordingly, the first factor is met.

The second factor, that is, that the ongoing state judicial proceedings "implicate important state interests" is also met in this case. <u>Middlesex</u>, 457 U.S. at 432. Many courts recognize that state mortgage foreclosure actions implicate important state interests. *See, e.g.,* <u>Duty Free Shop, Inc. v. Administracion de Terrenos de Puerto Rico</u>, 889 F.2d 1181, 1182 (1st Cir. 1989) (abstention

---

[3] The court may take judicial notice of readily verified facts, such as facts included on the dockets of the Escambia County Clerk of Court and the Florida First District Court of Appeal ("First DCA"). *See* Fed. R. Evid. 201; <u>United States v. Berrojo</u>, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* <u>Mangiafico. Blumenthal</u>, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); <u>In re Salem</u>, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); <u>Dawson v. Mahoney</u>, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); <u>United States v. Mercado</u>, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries). The docket of the Escambia County Circuit Court, Case No. 2011-CA-1032, states final judgment was rendered in the foreclosure action on August 16, 2012. *See* http://www.escambiaclerk.com/ (search "Court Record" for Case Number 2011 CA 001032). The docket of the First DCA, Case No. 1D12-4445, states Plaintiff filed a notice of appeal on September 14, 2012, four days after she initiated the instant federal lawsuit. *See* http://www.1dca.org/ (search for Case Number 1D12-4445)

under <u>Younger</u> proper in eminent domain proceedings); *see also, e.g.*, <u>Doscher v. Menifee Circuit Court</u>, 75 F. App'x 996 (6th Cir. 2003) (unpublished) (affirming district court's application of <u>Younger</u> abstention and finding important state interest in mortgage foreclosure); <u>Huber v. GMAC Mortgage, LLC</u>, No. 8:11-cv-1250-T-30EAJ, 2011 WL 6020410, at *2 (M.D. Fla. Dec. 2, 2011) (unpublished) (state mortgage foreclosure actions implicate important state interests); <u>Sergeon v. Home Loan Center, Inc.</u>, No. 3:09–CV–01113–J–32JBT, 2010 WL 5662930, at *2–*4 (". . . Florida has an important state interest in determining disputes that affect title to Florida real estate, including mortgage foreclosure actions, and in resolving such controversies unimpeded by federal interference."), *Report and Recommendation Adopted by* 2011 WL 308176 (M.D. Fla. Jan. 27, 2011).  Accordingly, the second <u>Younger/Middlesex</u> factor is met.

The third and final factor is also satisfied.  As recognized by the Eleventh Circuit in <u>31 Foster Children</u>, Plaintiff has the burden of establishing that "the state proceedings do not provide an adequate remedy for [her] federal claims."  329 F.3d at 1279.  Here, Plaintiff alleges <u>Younger</u> is "utterly irrelevant and inapplicable," because the Florida courts "are utterly incapable of policing themselves and have fallen prey to special interests, in particular the special interests of those who seek to gloss over the horrendous abuses brought on by securitization of mortgages and endorsement of promissory notes 'without recourse'" (doc. 1 at 2).  Plaintiff, however, could have challenged the mortgage assignment and raised her allegations of fraud and the defenses of lack of standing and unclean hands in her initial answer to the foreclosure complaint.  Additionally, she could have raised the alleged errors of Judge Shackelford (denying Plaintiff's motion to amend her answer and granting Wells Fargo's motion for summary judgment) in her appeal to the First DCA.  The court is thus satisfied that the Florida state courts were adequate forums for her claims.

For these reasons, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction under the <u>Younger</u> abstention doctrine.  *See* <u>Stockler v. City of Detroit</u>, 936 F.2d 573 (6th Cir. 1991) (<u>Younger</u> abstention warranted in civil rights action alleging due process violations in state court action concerning deprivation of property rights and seeking declaratory judgment against state judicial proceeding); *see also, e.g.*, <u>Spooner v. Gautreaux</u>, 459 F. App'x 436 (5th Cir. 2012) (unpublished) (<u>Younger</u> abstention required where plaintiffs/homeowners sued under § 1983, attacking various transactions regarding state foreclosure action); <u>Gray v. Pagano</u>, 287 F. App'x 155, 157–58 (3d Cir. 2008) (unpublished) (<u>Younger</u> abstention precluded district court from enjoining

mortgage foreclosure proceeding pending in state court); <u>Doscher</u>, 75 F. App'x at 997 (<u>Younger</u> abstention warranted in debtor's § 1983 action alleging that state court violated his rights during foreclosure proceeding, where foreclosure action was pending in state court at time federal action was filed, proceeding involved matter of state interest, and debtor had adequate opportunity to raise his challenges to proceedings); <u>Huber</u>, 2011 WL 6020410, at *3 (dismissing, without prejudice, plaintiff/homeowners' complaint against mortgage holder on <u>Younger</u> abstention grounds, where homeowners alleged fraud, untimely assignment of mortgage, and improper execution documents; homeowners claimed due process violations and abuse of process in state foreclosure action, and sought declaratory and injunctive relief); <u>Pritchard v. Alabama Power Co.</u>, No. 3:11cv228-MHT, 2011 WL 3627381, at *2 (unpublished) (abstention under <u>Younger</u> proper in proceeding involving easement and possibly adverse possession of real property), *Report and Recommendation Adopted by* 2011 WL 36272714 (M.D. Ala. Aug. 17, 2011); <u>Bryant v. Citimortgage</u>, No. 6:10-cv-1206-Orl-28-28KRS, 2010 WL 3220331, at *1 (M.D. Fla. Aug. 13, 2010) (abstention under <u>Younger</u> proper in plaintiff/homeowner's action seeking to enjoin state foreclosure sale and bringing claims of fraud related to underlying loan transaction).

Additionally, even if <u>Younger</u> abstention did not apply, this action would still be properly dismissed. Plaintiff clearly states she is bringing this action under § 1983 (doc. 23 at 6). Plaintiff may not maintain a § 1983 action against Defendants Wells Fargo or New Century. As Plaintiff was previously advised, to state a prima facie claim under 42 U.S.C. § 1983, she must allege:

1. the defendant's conduct caused the constitutional violation, and

2. the challenged conduct was "under color of state law."

*See* <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, <u>Daniels v. Williams</u>, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); <u>Duke v. Cleland</u>, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing <u>Parratt</u>). In the instant case, Defendants New Century and Wells Fargo are private actors. Therefore, Plaintiff cannot state a claim for relief under § 1983 against those Defendants.

Additionally, Plaintiff's allegations fail to state due process claim against Judge Shackelford. The Constitution does not guarantee that the decisions of state courts shall be free from error, or require that pronouncements shall be consistent. *See* <u>Worcester Cnty. Trust Co. v. Riley</u>, 302 U.S. 292, 58 S. Ct. 185, 82 L. Ed. 268 (1937). As explained by the Supreme Court in <u>Engle v. Isaac</u>, 456 U.S. 107, 121 n. 21, 102 S. Ct. 1558, 71 L. Ed. 2d 783 (1982), "[w]e have long recognized that a

'mere error of state law' is not a denial of due process . . . . If the contrary were true, then 'every erroneous decision by a state court on state law would come [to the federal courts] as a federal constitutional question.'" (quoting <u>Gryger v. Burke</u>, 334 U.S. 728, 731, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948)). In the instant case, Plaintiff's allegations that Judge Shackelford violated Florida law by denying her motion to amend her answer and granting summary judgment in favor of Wells Fargo despite the existence of genuine issues of fact, do not state a federal due process violation. Furthermore, Plaintiff's allegations demonstrate she received notice of the foreclosure and an opportunity to be heard. Moreover, Plaintiff had an opportunity to appeal Judge Shackelford's adverse rulings to the First DCA. Therefore, Plaintiff's allegations fail to state a due process claim.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That this action be **DISMISSED**.

2.      That the clerk be directed to enter judgment accordingly and close the case.

At Pensacola, Florida this <u>20th</u> day of February 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**<u>NOTICE TO THE PARTIES</u>**

    **Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**